```
1  BENJAMIN B. WAGNER
   United States Attorney
2  RICHARD J. BENDER
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:11-CR-00428-GEB |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE |
| BRYAN SMITH, KELLY SMITH, DANIEL GOLDSMITH, BRUCE GOLDSMITH, ROBERT KLAUS, and RYDER PHILLIPS, | ) | OF PROPERTY IN GOVERNMENT CUSTODY - 18 U.S.C. § 983(a)(3)(B)(ii)(II) |
| Defendants. | ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about June 16, 2011, during the execution of a state search warrant agents seized the following:

    a. Approximately $256,476.00 in U.S. Currency seized at Bryan Smith's residence located at 9700 Palazzo Court, Elk Grove, California, and

    b. Approximately $16,990.00 in U.S. Currency seized during the search of Bryan Smith and in

Bryan Smith's truck located at his residence.

On or about June 16, 2011, during the execution of state seizure orders agents seized the following:

    c. Approximately $26,231.88 seized from Schools Financial Credit Union account number 3506708110, held in the name of Bryan A. Smith, and

    d. Approximately $12,814.82 seized from JP Morgan Chase Bank, account number 845341635, held in the name of R&R Collective, Inc.

Hereinafter, the above-referenced assets are referred to as the "seized assets".

In accordance with 18 U.S.C. § 983(a)(1), the Drug Enforcement Administration ("DEA") sent notice to all potential claimants of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and caused notice to be published in a newspaper of general circulation.

On or about September 21, 2011, defendant Bryan Smith filed a claim contesting the administrative forfeiture of the seized assets above pursuant to 18 U.S.C. § 983(a)(2). On or about September 21, 2011, Ashley Nicole Smith filed a claim contesting the administrative forfeiture of the Approximately $256,476.00 in U.S. Currency pursuant to 18 U.S.C. § 983(a)(2)

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment. On September 29, 2011, the government elected the third option when it filed an Indictment containing a general forfeiture allegation. On December 9, 2011, the government filed a Bill of Particulars that includes forfeiture

of the seized assets. The Indictment and Bill of Particulars are now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute". The applicable forfeiture statute in this case is 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized assets pursuant to a state search warrant and state seizure orders, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II).

Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the U.S. Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: 3/13/12  BENJAMIN B. WAGNER
United States Attorney

/s/ Richard J. Bender
RICHARD J. BENDER
Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are

authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

    a.  Approximately $256,476.00 in U.S. Currency seized at Bryan Smith's residence located at 9700 Palazzo Court, Elk Grove, California,

    b.  Approximately $16,990.00 in U.S. Currency seized during the search of Bryan Smith and in Bryan Smith's truck located at his residence,

    c.  Approximately $26,231.88 seized from Schools Financial Credit Union account number 3506708110, held in the name of Bryan A. Smith, and

    d.  Approximately $12,814.82 seized from JP Morgan Chase Bank, account number 845341635, held in the name of R&R Collective, Inc.

IT IS SO ORDERED.

**Dated:  March 14, 2012**

**GARLAND E. BURRELL, JR.**
**United States District Judge**