IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:11-cr-00428-GEB-1 |
| | ) | |
| v. | ) | ORDER DENYING BRYAN SMITH'S |
| | ) | DISPOSITIVE PRETRIAL MOTIONS |
| BRYAN SMITH, | ) | 1-13 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Bryan Smith ("Smith") moves to dismiss Counts 1, 2, 5, 7, 8 and 9 of the Indictment. (Def.'s Pretrial Mots. 1-7, 12-13, ECF Nos. 79-84, 89-90.) Smith also moves for suppression of all evidence seized at his home and business R & R Wellness, a medical marijuana dispensary, pursuant to a state search warrant. (Def.'s Pretrial Mots. 8-11, ECF Nos. 85-88.) Further, Smith argues the warrant affidavit contained material omissions and misstatements in violation of Franks v. Delaware, necessitating an evidentiary hearing. (Def.'s Pretrial Mot. 8, ECF No. 85.)

The government opposes Smith's motions and argues an evidentiary hearing is not required. (Gov'ts Consolidated Resp. to Def.'s Mots. to Dismiss ("Resp. to MTD"), ECF No. 95; Gov'ts Consolidated Resp. to Def.'s Mots. to Suppress ("Resp. to MTS"), ECF No. 95.)

# I. DISCUSSION

## A. Motions to Dismiss

Smith argues his prosecution violates the Commerce Clause of the United States Constitution, the Ninth Amendment, and the Tenth Amendment; classification of marijuana as a Schedule I substance is arbitrary and irrational in violation of the Fifth Amendment; his prosecution violates the Tenth Amendment's judicially created prohibition against federal official's "commandeering" of state law; his alleged criminal conduct is protected under the American's with Disabilities Act ("ADA"); he was selectively prosecuted; and he is entitled to the defense of entrapment by estoppel. Smith also argues that Congress's authorization of the District of Columbia's medical marijuana program, "Initiative 59," favored the District of Columbia over California in violation of Article 1 Section 9 of the United States Constitution and the Due Process and Equal Protection Clauses of the Fifth Amendment.

Smith concedes that a number of his arguments are contrary to binding precedent and/or prior orders of this Court, and that they are being made to preserve the issues since this area of the law "may evolve." (Def.'s Pretrial Mot. 1, 3:2-7; Def.'s Pretrial Mot. 3, 3 n.2; Def.'s Pretrial Mot. 4, 3 n.2; Def.'s Pretrial Mot. 7, 3 n.2.)

Smith's Commerce Clause, Ninth Amendment and Tenth Amendment arguments are foreclosed by Ninth Circuit and Supreme Court precedent, as is his argument that classification of marijuana as a Schedule I drug is irrational in violation of the 5th Amendment. See Gonzales v. Raich ("Raich I"), 545 U.S. 1, 10-33 (2005); Raich v. Gonzales ("Raich II"), 500 F.3d 850, 861-67 (9th Cir. 2007); United States v. Oakland Cannabis Buyers' Coop., 259 Fed. App. 936, 938 (9th Cir. 2007)(citing United

States v. Miroyan, 577 F.2d 489, 495 (9th Cir. 1978)). The Court previously ruled on similar arguments in an order filed February 28, 2012, which granted a dismissal motion in a civil case. See Sacramento Nonprofit Collective dba El Camino Wellness Center v. Eric Holder, No. 2:11-cv-02939-GEB-EFB, 2012 WL 662460 (E.D. Cal. Feb. 28, 2012). The government relies on the February 28, 2012 order in its consolidated response to Smith's dismissal motions and attached a copy of the order as Exhibit A to its response. That order's reasoning on these issues is incorporated herein by reference.

Concerning Smith's Tenth Amendment "commandeering" argument, although Smith was arrested pursuant to a state search warrant, which resulted in a state charge in state court, "the facts . . . do not suggest that the federal government engaged in any compulsion." United States v. Stacy, 696 F. Supp. 1141, 1145 (S.D. Cal. 2010.) "Although [state law enforcement] unquestionably had involvement in the investigation and collection of evidence against [Smith], there is no evidence that they were required to do anything." Id. "As noted by the Ninth Circuit in [Raich II], '[t]he commandeering cases involve attempts by Congress to direct states to perform certain functions, command state officers to administer federal regulatory programs, or to compel states to adopt specific legislation.'" Id. (quoting Raich II at 867 n.17.)

Smith's ADA argument is foreclosed by the recent Ninth Circuit decision in James v. City of Costa Mesa, --- F.3d ----, 2012 WL 1815677, at *1 (9th Cir. 2012), which held that "medical marijuana use is not protected by the ADA."

The James decision also forecloses Smith's argument that Congress improperly favored one state over another in permitting the District of Columbia's medical marijuana initiative to take effect.

3

> Congress' decision not to block implementation of Initiative 59 did not result in the unequal treatment of District of Columbia and California residents. On the contrary, Congress' actions allow these jurisdictions to determine for themselves whether to suspend their local prohibitions on the use and distribution of marijuana for medical purposes. Local decriminalization notwithstanding, the unambiguous federal prohibitions on medical marijuana use set forth in the CSA continue to apply equally in both jurisdictions, as does the ADA's illegal drug exclusion. There is no unequal treatment, and thus no equal protection violation.

James, 2012 WL 1815677, at *7.

Further, Smith has not shown that the defense of estoppel by entrapment applies since "[n]one of the evidence submitted by Smith establishes that a federal government official . . . affirmatively told [him] that operation of a medical marijuana collective was permissible-i.e., lawful-under federal law." United States v. Stacy, 734 F. Supp. 1074, 1077 (S.D. Cal. 2010)(denying defendant's motion to present an entrapment by estoppel defense at trial, which was based upon many of the same presidential candidate statements, other statements by federal governmental officials, and United States Supreme Court denials of certiorari as those cited by Smith in support of his motion).

Lastly, Smith's selective prosecution argument fails since he has made no showing, nor even argued, that his prosecution while other medical marijuana dispensaries received an alleged warning period "was motivated by a discriminatory purpose." United States v. Turner, 104 F.3d 1180, 1184 (9th Cir. 1997).

**B. Motions to Suppress**

Smith moves for suppression of all evidence seized at his home and R & R Wellness, arguing the search warrant was not supported by probable cause, the search of his electronic devices violated the procedures established in United States v. Comprehensive Drug Testing,

4

Inc., 579 F.3d 989 (9th Cir. 2009), and the searches were improperly effectuated since the warrant "w[as] not presented to, shown to, nor left behind at [his] residence and business[.]" (Def.'s Pretrial Mots. 9-11, ECF Nos. 86-88.)

The court considers whether the warrant affidavit contained sufficient facts to support probable cause and whether an evidentiary hearing is required under Franks together since Smith's arguments on these issues concern the same factual statements contained in the warrant affidavit. In essence, Smith argues the affidavit set forth seven "separate grounds for the alleged existence of probable cause[,]" and each of those grounds describes "completely legal and lawful conduct." (Def.'s Pretrial Mot. No. 8, 4:20-25.) Smith further argues that had the affiant "set forth . . . that in his experience . . . [Smith's conduct] was just as consistent with the lawful operation of a California medical marijuana collective[,] . . . no probable cause exists for the issuance of [the] warrant." Id. at 5:25-6:2, 8:8-14.

In its response, the government states that there is a question concerning whether state or federal "substantive law should apply in the evaluation of whether probable cause exists to support the search warrants[;] . . . however, even assuming California law applies, including the exception for the possession of medical marijuana," a review of the complete affidavit "provide[s] ample probable cause that . . . Smith" was violating California drug laws "and that evidence of th[e] violations would be found at [his residence and business]." (Gov'ts Resp. to MTS 9:1-10, 9:21-22, 13:3-6.)

The Court need not decide the issue of whether state or federal criminal law applies in evaluating whether the state warrant was supported by probable cause in this case, since Smith has not shown that

the magistrate judge's finding of probable cause was clearly erroneous even applying California law. See United States v. Stanert, 762 F.2d 775, 779 (9th Cir. 1985)(discussing narrow standard of review applied to a magistrate judge's decision to issue a search warrant).

Neither the California Compassionate Use Act of 1996 ("CUA") nor California's Medical Marijuana Program Act ("MMPA") permit the sale of marijuana for profit. See People ex rel. Trutanich v. Joseph, 204 Cal. App. 4th 1512, 1521 (2012)(stating "[t]he CUA does not authorize medical marijuana patients or their primary caregivers to engage in sales of marijuana"); People v. Hochanadel, 176 Cal. App. 4th 997, 1009 (2009) (stating "[t]he MMPA . . . specifies that [individuals,] collectives, cooperatives or other groups shall not profit from the sale of marijuana."). And "the facts stated in [the] search warrant affidavit gave probable cause to believe [Smith] w[as] not operating within the confines of the CUA and MMPA." Hochanadel, 176 Cal. App. 4th at 1017.

When co-defendant Daniel Goldsmith was arrested, he indicated he was employed by R & R Wellness and that Smith was his boss. (Search Warrant & Aff., Ex. A to Gov'ts Resp. to MTD, at 12.) Although Daniel Goldsmith stated he acted as a primary caregiver for R & R Wellness, he was unable to provide the detective with the names of anyone for whom he alleged to be the primary caregiver. Id. An inquiry with the Sacramento Municipal Utility District showed Smith is the billing customer for R & R Wellness. Id. at 13.

Detectives spoke to Smith shortly after Daniel Goldsmith's arrest. Smith denied that Daniel Goldsmith was employed by R & R Wellness; he told the detectives that Daniel Goldsmith was a member of the cooperative and was assigned 99 patients under his care for whom to grow marijuana. Id. at 13-14. Smith told the detectives that he had

reimbursed Daniel Goldsmith in the past for the marijuana he provided to the cooperative, but Smith could not provide the detectives with any records. Id. at 14. Smith provided the detectives with his cell phone number, which was identified in a search of Daniel Goldsmith's cell phone. Id.

Nine hundred and eighty-two (982) text messages between Smith and Daniel Goldsmith were recovered on Daniel Goldsmith's cell phone. Id. The text messages demonstrate their relationship in cultivating marijuana for R & R Wellness, and a number of the text messages evince marijuana was sold for profit. Id. at 39-53. For example, the following text messages were exchanged between Smith and Daniel Goldsmith:

| Date | Sender | Recipient | Message |
|------|--------|-----------|---------|
| 9/14/10 | David Goldsmith ("D.G.") | Smith | I'll dump 50 in a couple days guaranteed!! Buy urself a new truck! |
| 9/18/10 | D.G. | Smith | I'm like ur own personal money tree |
| 9/18/10 | D.G. | Smith | Just pluck me for more money whenever u please |
| 9/27/10 | D.G. | Smith | If u can get better for same price then get 100 seriously. I'll get them off no prob super quick |
| 9/27/10 | D.G. | Smith | Dudes saying if it's bomb he wants all 50-100 today but idk |
| 9/29/10 | D.G. | Smith | Ive got a guy flyin in wants 50 |
| 10/10/10 | D.G. | Smith | I need more scripts for our house. And another grow cert or I can make it |

| | | | |
|---|---|---|---|
| 10/15/10 | D.G. | Smith | Hey I need some samples. I got a kid coming from the bay in 2 hrs that'll take em all |
| 10/22/10 | D.G. | Smith | I wanna kno If he has gotten rid of those. Hopefully he has but get em back if he can't. I have a buyer |
| 11/15/10 | D.G. | Smith | I want to be the broker |
| 11/15/10 | D.G. | Smith | Someone u can trust |
| 11/15/10 | D.G. | Smith | Not pullin any side deals |
| 11/19/10 | D.G. | Smith | U promised me some $ |
| 11/30/10 | D.G. | Smith | Ur 50 k has nothing to do w me or what we agreed upon |
| 11/30/10 | Smith | D.G. | I will give you back your pound of shake and remember all the money you had of mine for like 2 years!!!! |
| 11/30/10 | D.G. | Smith | How many new/returning customers will my product bring is the question |
| 11/30/10 | D.G. | Smith | I buy u a new dodge and u buy me grief |
| 12/1/10 | Smith | D.G. | Come by and get your money tomorrow |
| 12/20/10 | Smith | D.G. | I have $8,350 for you |
| 12/20/10 | Smith | D.G. | And Joe has the $5050 |
| 1/18/10 | D.G. | Smith | I saw we stick w the plan. One more run. If the numbers aren't there, I will take over and u can leave or stay. We can put cameras, and no excuses this time. I think it will be much better w the strains we have. One more run and everyone will come out |

|  |  |  | on top for sure. If he doesn't pull max amount I'll come in and kill it. |

Id. Smith does not discuss the text messages found on David Goldsmith's cell phone in his motions or reply briefs.

The referenced facts "provided reasonable grounds . . . to believe [R & R Wellness] was not operating as a nonprofit enterprise, [which is] a requirement for operation of cooperatives and collectives [under California law]." Hochanadel, 176 Cal. App. 4th at 363-64.

Further, Smith has not shown that a hearing is necessary under Franks. The alleged statements and omissions at issue concern the affiant's opinions concerning whether R & R Wellness was operating for profit, and "opinions and conclusions of an experienced agent regarding a set of facts are properly a factor in the probable cause equation under the . . . totality of the circumstances approach." United States v. Burnes, 816 F.2d 1354 (9th Cir. 1987). "[O]therwise innocent behavior may be indicative of criminality when viewed in context." United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002). And, an "affiant [i]s not required to list every possible explanation in the affidavit[.]" United States v. Lyles, No. CR 08-0420 PJH, 2009 WL 650182, at *2 (N.D. Cal. Mar. 11, 2009)(citing Burnes, 816 F.2d at 1358).

Smith argues in his reply brief that the search warrant affidavit omits the following additional facts: "any cultivation associated with [Smith] . . . w[as] operated by qualified patients who were members of the collective[,]" and during the two undercover buys referenced in the search warrant affidavit, "Deputy Kloss signed a

membership agreement to become a member of the collective before being allowed to obtain medical marijuana." (Def.'s Reply to Pretrial Mot. 8, at 4:9-11, 5:1-3, ECF No. 102.) However, since these "[a]rguments [were] not raised in [Smith's] opening brief[s, they] are waived." Alaska Center for Env't v. United States Forest Serv., 189 F.3d 851, 858 n.4 (9th Cir. 1999). Moreover, a Franks hearing would still be unnecessary even if the Court considered these new arguments, since "the magistrate could have found probable cause even with mention of the[se alleged omissions[.]" United States v. Chavez-Miranda, 306 F.3d 973, 979 (9th Cir. 2002).

Concerning Smith's argument that the search of his "computers and digital data storage" was conducted in violation of the "criteria regarding searches of computers" established in United States v. Comprehensive Drug Testing, Inc., 579 F.3d 989 (9th Cir. 2009), that decision was revised and superseded in United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162 (9th Cir. 2010). The criteria Smith references in his motion were removed from the Court's revised opinion, and are now contained in Chief Judge Kozinski's concurrence. As stated by Judge Callahan in her dissent of the revised opinion, "the proposed guidelines for searches of electronically stored data that are set forth in the Chief Judge's concurring opinion . . . [are] not joined by a majority of the en banc panel and accordingly . . . are not Ninth Circuit law. Comprehensive Drug Testing, Inc., 579 F.3d at 1183 (Callahan, C., dissenting).

Lastly, Smith's argument that the searches were unreasonable because the officers did not "show a copy, present a copy, [or] leave behind a copy, of the search warrant" is rejected since Smith concedes it is contrary to Ninth Circuit law. See Def.'s Pretrial Mot. 11,

3:12-13. Even assuming the officers failed to present or leave behind a copy of the search warrant, "suppression [is] not [the] appropriate remedy[.]" United States v. Hector, 474 F.3d 1150, 1155 (9th Cir. 2007).

**II. CONCLUSION**

For the stated reasons, each of Smith's motions to dismiss the indictment and motions to suppress are denied.

The hearing on Smith's pretrial motions scheduled to commence at 9:00 a.m. on July 6, 2012, is converted to a status hearing.

Dated: July 5, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge