IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:11-cr-00428-GEB |
| Plaintiff, | ) | |
| v. | ) | ORDER CONCERNING REQUEST TO SEAL; ORDER TO SHOW CAUSE |
| BRYAN SMITH, | ) | |
| Defendant. | ) | |
| _____ | ) | |

On May 20, 2013, the government filed a "Notice of Request to Seal Document," in which it states: "Pursuant to Local Rule 141 of the Eastern District of California, the United States hereby gives notice that it has submitted a Request to Seal Documents regarding the above-captioned matter. Mark Reichel, Esq., Counsel for defendant Bryan Smith, [has] been provided a copy of the document." (ECF No. 211.)

Local Rule 141 governs the sealing of documents and prescribes that the publically filed "Notice of Request to Seal Documents"

> shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the "Request to Seal Documents," proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties.

E.D. Cal. R. 141(b).

The government's "Notice of Request to Seal Documents" does not comply with Local Rule 141(b) as it did not include the majority of the required information.

Further, the government has not provided sufficient justification for filing under seal the entirety of the document it submitted for in camera review, which is titled "Government's Sentencing Memorandum." The government recommends in that document that Defendant Bryan Smith receive a particular sentence "pursuant to both USSG § 5K2.0 (circumstances not taken into account by the Sentencing Commission) and USSG § 5K1.1 (cooperation)." (Gov't Sentencing Memo. 1:17-21.) Although the portion of the government's Sentencing Memorandum addressing § 5K1.1 could be sealed without further justification, the government has not shown that the remainder of the document should be filed under seal. "[T]he First Amendment right of access [and common law right of access] appl[y] to sentencing proceedings." United States v. Rivera, 682 F.3d 1123, 1129 (9th Cir. 2012); see also United States v. Hirsh, No. 03-58, 2007 WL 1810703, at *2-3 (E.D. Pa. June 22, 2007) (analyzing the unsealing of a sentencing memorandum under First Amendment and common law right of access standards).

> Public access to sentencing memoranda is consonant with the values animating the common law right [of public access]. Access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system. The presence of such oversight serves several values when a court is called upon to exercise its discretion to impose a criminal sentence. Public access in this context may serve to check any temptation that might be felt by either the prosecutor or the court to seek or impose an arbitrary or disproportionate sentence, promote accurate fact-finding, and in general stimulate public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced. These salutary effects of access to sentencing hearings also serve to support public access to sentencing memoranda.

United States v. Kravetz, 706 F.3d 47, 56-57 (1st Cir. 2013) (internal ellipses, internal quotation marks and citations omitted).

"There has been no . . . showing . . . sufficient to justify the blanket [sealing] order[]" the government seeks. Assoc. Press v. United States Dist. Court for Cent. Dist. of Cal., 705 F.2d 1143, 1146 (9th Cir. 1983). Therefore, the government's request to seal its Sentencing Memorandum in its entirety is DENIED.

Further, **the government is Ordered to Show Cause ("OSC") in a writing to be filed no later than 10:30 a.m. on May 22, 2013**, why the following portions of its Sentencing Memorandum, submitted to the Court for in camera review, should not be filed on the public docket: 1:17-4:8, 6:10-13.[1] See Hirsh, 2007 WL 1810703, at *2 ("The burden is on [the government] to demonstrate why [the referenced portions of] the sentencing memorandum should [not be placed on the public docket] . . . .") The government may file, in lieu of a response to the OSC, a redacted version of its Sentencing Memorandum, which makes the referenced portions of that document public.

If the government fails to timely respond to this order, the undersigned judge may file the referenced portions of the government's Sentencing Memorandum on the public docket and an unredacted Sentencing Memorandum under seal.

Dated: May 21, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The referenced portions of the government's Sentencing Memorandum may be ordered filed on the public docket notwithstanding the government's response.